# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

No. 10-20340
Summary Calendar

Lyle W. Cayce
Clerk

LINDA D. SAPP,

Plaintiff–Appellant,

v.

MEMORIAL HERMANN HEALTHCARE SYSTEM,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3511

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Linda Sapp is a former nurse within the Memorial Hermann Healthcare System (Memorial System). Contemporaneously with that employment, Sapp also pursued an advanced nursing degree through Texas Woman's University (TWU). TWU placed her in a practicum at a hospital in the Memorial System. Sapp has filed two suits stemming from this employment and education. Sapp first filed suit against the Memorial System alleging, *inter alia*, sexual, racial,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20340

age-based, and religious discrimination (*Sapp I*).  One manifestation of this discrimination, she claimed, was the Memorial System's not properly crediting her for a proposal written during the time of her employment and practicum. Sapp lost that suit, and did not appeal.  In the instant case, Sapp again filed suit against the Memorial System (*Sapp II*), alleging that its use of the aforementioned proposal constitutes copyright infringement, unfair trade practices, and unfair competition.  The United States District Court for the Southern District of Texas stayed discovery and granted summary judgment on the basis of res judicata.  We affirm.

**I**

The Memorial System is a network of healthcare facilities.  Linda Sapp worked as a nurse within the Memorial System, specifically at its Woodlands Facility.  During that time, she also sought a masters in nursing from TWU.  As part of her education, Sapp completed a practicum at a different facility within the Memorial System.  During that practicum, Sapp worked on a proposal for a new system of career advancement at the facility, a so-called "career ladder" system.  The parties disagree regarding the percentage of the work on this proposal done by Sapp and by her preceptor, Julie Segovia.  That said, Sapp contends that she has not been properly credited for this proposal.

As a result, Sapp filed suit against the Memorial System in *Sapp I*.  There Sapp claimed, *inter alia*, sexual, racial, age-based, and religious discrimination, arguing that she had been insufficiently credited for the career ladder proposal. The federal district court granted summary judgment in favor of the Memorial System.  Sapp did not appeal.

Instead, Sapp filed *Sapp II*—the instant suit.  In this suit, Sapp alleges that the Memorial System's use of the career ladder proposal violates a copyright she holds on the career ladder proposal and constitutes unfair trade practices and unfair competition.  The court's scheduling order, dated March 10, 2009,

2

No. 10-20340

required motions to amend the pleadings and add new parties be filed by May 1, 2009. Both parties moved for summary judgment. Then, on October 12, 2009, Sapp filed for leave to amend her petition to add TWU and Heather Kopecky, a nursing supervisor. The court denied the motion and Sapp's motion for a continuance pursuant to Rule 56(f). It then stayed discovery pending resolution of the summary judgment motion. Finally, it granted the Memorial System's motion for summary judgment on the basis of res judicata. It determined, as a result, that Sapp's motion for summary judgment was rendered moot. Sapp now appeals the denial of the motion to amend the complaint, the denial of a continuance, the suspension of discovery, the grant of summary judgment, and the denial of her motion for summary judgment.

## II

We first address the denial of Sapp's motion to amend the complaint. The district court reaffirmed the denial in its final order, and we have jurisdiction to review a final order pursuant to 28 U.S.C. § 1291. We review decisions of the district courts with respect to amending scheduling orders for abuse of discretion.[1]

Sapp sought to amend her pleading after the period for amendments under the scheduling order. She relies upon *Foman v. Davis*, a case addressing Federal Rule of Civil Procedure 15(a).[2] Yet the rule that is actually applicable here is Rule 16(b). We have stated that Rule 16(b) governs amendment of pleadings after a scheduling order deadline passes.[3] After that deadline, the "more liberal standard of Rule 15(a) appl[ies]" only if the movant demonstrates good cause for

---

[1] *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

[2] 371 U.S. 178, 182 (1962).

[3] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th Cir. 2003).

3

No. 10-20340

the modification of the schedule.[4]  Here a scheduling order had previously been entered.  The motion to amend came after the expiration of the time provided in the scheduling order.  Thus, the relevant rule is Rule 16(b), which permits modification "only for good cause and with the judge's consent."[5]

In considering whether the district court abused its discretion, this court has noted a four-factor test designed to guide the district court's analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6] We have recently reaffirmed that owing to "'the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders.'"[7]  No single factor is dispositive, nor must all the factors be present.[8]

Here the lower court denied the motion for leave to file an amended pleading, but did so "without prejudice to being reurged, if appropriate, following a ruling on the pending motions for summary judgment."  The court also observed that Sapp had filed her own motion for summary judgment, presumably indicating the lack of importance to her of amending her claims. Moreover, in denying the motion the lower court explicitly noted the Memorial System's pending res judicata summary judgment motion—indicating a concern

---

[4] *Id.*

[5] FED. R. CIV. P. 16(b).

[6] *Meaux Surface Prot., Inc.*, 607 F.3d at 167.

[7] *Id.* (quoting *Quick Techs., Inc. v. Sage Group P.L.C.*, 313 F.3d 338, 345 (5th Cir. 2002)).

[8] *S&W Enters., L.L.C.*, 315 F.3d at 536-37.

No. 10-20340

with the prejudice and delay that allowing amendment could bring to a party potentially on the verge of concluding its involvement in the litigation. In light of the foregoing, denying this motion was not an abuse of discretion.

## III

We review the court's denial of Sapp's Rule 56(f) motion—to suspend summary judgment pending discovery—for abuse of discretion.[9] Rule 56(f) has been recodified "without substantial change" as Rule 56(d).[10]

The rule allows for a delay in summary judgment to facilitate discovery when the non-movant cannot adequately oppose summary judgment at that time.[11] A motion under the rule "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[12] Here Sapp argued that she required more time for discovery, specifically seeking depositions of Rebecca Krepper, a TWU dean, and Heather Kopecky, a faculty member at TWU who wrote Sapp a commendation letter for her role in authoring the career ladder proposal.

While it is true that these motions are "broadly favored and should be liberally granted,"[13] here summary judgment was to be based solely on res judicata. As we have said, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant

[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

[10] FED. R. CIV. P. 56(d) 2010 amend. cmt. (2010).

[11] *Raby*, 600 F.3d at 561.

[12] *Id.* (citing *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)) (internal quotation marks omitted).

[13] *Id.* (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)) (internal quotation marks omitted).

No. 10-20340

summary judgment."[14]  The discovery Sapp purported to need was designed to prove or disprove the merits of her claim by elucidating the manner in which the proposal came into use.  That, however, was not responsive to the pending summary judgment motion—which turned on whether the issue had been previously litigated in *Sapp I*.  Thus, it was not an abuse of discretion to deny the motion.

## IV

We review a decision to stay discovery pending a dispositive motion for abuse of discretion.[15]  The Memorial System requested that the court stay discovery pending the outcome of the summary judgment motion and quash the upcoming deposition of Kopecky.  The court granted the motion.  We have previously held that where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant such a motion.[16]  The res judicata effect of a previous judgment is, in fact, a question of law.[17]  As we have previously said, it would be "wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach" a determination on those merits.[18]  As discussed above, the discovery here went to the underlying merits and not to the pending summary judgment question of res judicata.  Therefore, it was not an abuse of discretion to stay discovery.

---

[14] *Id.* (citing *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)) (internal quotation marks omitted).

[15] *Brazos Valley Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005).

[16] *Id.*

[17] *Oreck Direct, L.L.C. v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).

[18] *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988).

No. 10-20340

## V

We review the grant of summary judgment de novo.[19] Though the federal rule pertaining to summary judgment has been amended in the period of pendency for this appeal, the change does not affect the substance of the rule.[20] The rule permits the grant of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21]  Here the district court granted summary judgment on the basis of res judicata.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[22]  The res judicata effect of a previous judgment is also reviewed de novo.[23]

We have developed a four-part test, each prong of which must be met for res judicata to bar an action:

> (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.[24]

There is no dispute with respect to factors two and three.  The district court in *Sapp I* had jurisdiction to issue a final summary judgment, and it did.  With respect to the first factor, despite arguments designed to cloud the issue, the

---

[19] *Oreck Direct, L.L.C.*, 560 F.3d at 401.

[20] FED. R. CIV. P. 56 2010 amend. cmt. (2010).

[21] FED. R. CIV. P. 56(a) (2010).

[22] *Allen v. McCurry*, 449 U.S. 90, 95 (1980).

[23] *Oreck Direct, L.L.C.*, 560 F.3d at 401.

[24] *Id.* (citing *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)) (internal quotation marks omitted).

Memorial System is the named defendant in both suits. Thus the parties are identical.

In evaluating the fourth factor, the district court employed the so-called "transactional test." We have recently reaffirmed that the transactional test is appropriate in considering whether suits involve the same claim or cause of action.[25] It considers whether the two suits involve "the same nucleus of operative facts."[26] This inquiry focuses upon "whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[27]

Here Sapp's two suits arise from a single nucleus of operative fact: Sapp worked on a proposal, and believes that she was not properly rewarded for it. In *Sapp I*, Sapp sought to gain her purportedly deserved rewards through one legal avenue. Upon her loss in *Sapp I*, Sapp brought a second suit alleging an alternative theory of recovery, but seeking the same rewards she could not secure in *Sapp I*. As we have said, "a single cause of action or claim cannot be 'split' by advancing one part in an initial suit and attempting to reserve another part for a later suit."[28] Therefore, res judicata bars *Sapp II*, and summary judgment was properly granted.

Notably, because it was not an abuse of discretion to deny leave to amend, Sapp's argument that "[j]udicial [e]stoppel defeats [r]es [j]udicata if [the] [m]otion to [a]mend is allowed" is unavailing. Similarly, Sapp argues to this

---

[25] *Id.* at 402-03.

[26] *Id.* at 402 (citations omitted).

[27] *Id.* (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)) (internal quotation marks and brackets omitted).

[28] *Tex. Emp'rs' Ins. Assoc. v. Jackson*, 862 F.2d 491, 501 (5th Cir. 1988) (en banc).

court that there is a continuing harm that cannot be settled by res judicata. She does so without citation and without having raised the issue in the district court. Both independently constitute waiver of an issue.[29] Similarly, the single sentence, lacking citation and sandwiched between otherwise unrelated arguments, averring that Sapp could not bring her copyright claim in conjunction with her *Sapp I* claims constitutes waiver.[30]

As the district court properly granted summary judgment, Sapp's motion for summary judgment remains moot.

*     *     *

For the foregoing reasons, we AFFIRM the order of the district court.

---

[29] *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) (per curiam).

[30] *L & A Contracting Co.*, 17 F.3d at 113.