# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

JUDITH SKIBA,

Plaintiff-Appellant

v.

JACOBS ENTERTAINMENT, INCORPORATED, Stephen R. Roark, President,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5693

Before SMITH, ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Judith Skiba moves for leave to proceed in forma pauperis (IFP) in her appeal from the grant of summary judgment in her employment discrimination action. She contends that the district court erred by denying her discovery requests, that the district court erred by addressing a nonexistent claim of sex discrimination, and that the district court erred by denying her motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtain information from the defendant about Skiba's own right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). The district court certified pursuant to 28 U.S.C. § 1915(a)(3), that Skiba's appeal was not taken in good faith.

In both prisoner and nonprisoner litigation, "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997) (recognizing the applicability of § 1915(a)(3) to suits brought by "prisoners and nonprisoners alike"). When a district court certifies that an appeal is not taken in good faith under § 1915(a)(3), as herein, the litigant may either pay the filing fee or challenge the court's certification decision. *Baugh*, 117 F.3d at 202. Skiba's IFP motion and brief are construed as a challenge to the district court's certification. *See id.*

This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If "the merits are so intertwined with the certification decision as to constitute the same issue," the court may determine the merits as well as the appropriateness of the IFP status. *Baugh*, 117 F.3d at 202. If the court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See id.* However, if the appeal is frivolous, this court may dismiss it sua sponte under Fifth Circuit Rule 42.2. *See Baugh,* 117 F.3d at 202 n.24.

As for the discovery requests, Skiba argues that she needed discovery of her work records to present background information and to prepare a witness list. She asserts that she was unable without discovery to prepare a defense

against Jacobs's allegation that she was fired because she threatened a customer, a criminal offense, or to decide whether to invoke her right against self-incrimination.  She further argues that she should have been given the opportunity to submit a surveillance video in the record to an expert to obtain an affidavit attesting that the video had been tampered with, as it had been "pieced together and blackened out."

Discovery is not a prerequisite to the disposition of a motion for summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). A party who contends that additional discovery is required prior to summary judgment may file a motion for a continuance under Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), together with an affidavit or declaration showing, for specified reasons, that she cannot present facts essential to justify his opposition.  FED. R. CIV. P. 56(d).  A motion for a continuance under Rule 56(d) is "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).  However, the party may not rely on vague assertions but "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).  If additional discovery "will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Id.* (internal quotation marks and citation omitted).  A district court's decision whether to delay summary judgment for further discovery is reviewed for an abuse of discretion. *Id.*

Skiba did not move in the district court for a continuance to obtain an expert opinion about the surveillance video.  A Weiser Security employee

authenticated the surveillance video, and a copy was sent to Skiba. Moreover, the district court's copy of the video had been available for inspection, yet Skiba evidently did not review it. Additionally, Skiba provided nothing other than her speculative allegations to support her contention that the video had been altered. Even if Skiba had moved for a continuance for an expert examination, she has failed to present any basis for finding that an expert examination would affect the outcome of the proceeding. *See Raby*, 600 F.3d at 561.

No specific allegations are made on appeal as to why she needed her employment records from Jacobs or a list of other employees to prepare a response to the summary judgment motion or to defend herself against the allegation that she threatened a customer with a knife. To the extent Skiba attempts to contend that the magistrate judge should have ordered Jacobs to provide further discovery before granting summary judgment, she has failed to brief for appeal whether the employment records or a list of other employees would have affected the outcome of the proceeding. *See Raby,* 600 F.3d at 561; *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). Moreover, and although the self-incrimination issue was not raised in the district court, Skiba already had the Weiser notes as to the knife incident, and those notes already provided a basis on which Skiba could decide whether to invoke her right against self-incrimination. The denial of Skiba's discovery requests was not an abuse of discretion. *See Raby*, 600 F.3d at 561.

As for consideration of a sex discrimination claim, Skiba denied having ever made such a claim, and she argues that the magistrate judge erred by addressing a nonexistent claim instead of addressing her right to discovery. She does not indicate consideration of a sex discrimination claim amounted to more than harmless error, or that consideration of the claim actually precluded consideration of her race discrimination claim or her discovery arguments, and

it is not apparent that consideration of unraised claims is necessarily prejudicial. *See St. Paul Mercury Inc. Co. v. Williamson,* 224 F.3d 425, 435 (5th Cir. 2000). Moreover, the magistrate judge addressed sex discrimination only to the extent that he determined Skiba could not amend her complaint to add such a claim. Any error was harmless, *see Williamson,* 224 F.3d at 435, and Skiba's contention is unavailing.

Finally, Skiba asserts that Jacobs lied about the right-to-sue letter by stating that the EEOC found no merit in her claim and dismissed it. She argues that Jacobs can be sued for malicious prosecution for making false allegations, but she does not otherwise indicate how this alleged lie is relevant.

The right-to-sue letter indicated that the EEOC terminated its processing of Skiba's claim because it was unlikely that the agency would be able to complete its administrative processing within 180 days of filing. Jacobs's statement as to the EEOC letter was not inconsistent with the right-to-sue letter, which indicated that the complaint was terminated without any determination having been made. The magistrate judge did not abuse his discretion by declining to grant Skiba's motion. *See United States v. Meza,* 701 F.3d 411, 425 (5th Cir. 2012) (stating abuse-of-discretion standard).

IFP DENIED; APPEAL DISMISSED.