# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-20291

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

DEREK CARDER, An Individual, on Behalf of Himself and all Others Similarly Situated; DREW DAUGHERTY, An Individual, on Behalf of Himself and all Others Similarly Situated; ANDREW KISSINGER, An Individual, on Behalf of Himself and all Others Similarly Situated,

Plaintiffs – Appellants

v.

CONTINENTAL AIRLINES, INCORPORATED, a Delaware Corporation,

Defendant – Appellee

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3173

—————

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellants, each current or former members of the armed services, appeal from the grant of summary judgment in favor of Defendant-Appellee Continental Airlines, Incorporated (Continental) on Plaintiff-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20291

Appellants' claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Plaintiff-Appellants also appeal the denial of their Rule 56(d) motion and the grant of Continental's motion to stay discovery pending resolution of the summary judgment motions. For the reasons listed herein, we AFFIRM the district court on each ruling.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs-Appellants Derek Carder (Carder), Drew Daugherty (Daugherty), and Andrew Kissinger (Kissinger) (collectively, Appellants),[1] filed a class action suit in California federal court in 2009, alleging four causes of action against Continental under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). The case was transferred to the Southern District of Texas that same year. Kissinger brought a failure-to-hire claim, and Carder and Daugherty brought claims for the denial of leave accrual and retirement benefits and alleged a hostile work environment.

The district court dismissed the hostile work environment claim, and on March 22, 2011, this court affirmed. *Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 182 (5th Cir. 2011) (*Carder I*). Appellants filed a petition for writ of certiorari, which was denied on October 3, 2011. *Carder v. Cont'l Airlines, Inc.*, 132 S.Ct. 369 (2011). The Appellants then amended their complaint, alleging under USERRA: (1) the same retirement benefits claim, (2) a claim for vacation and sick leave, (3) a claim for medical, dental, and vision insurance coverage, and (4) Kissinger's same failure-to-hire claim. Continental answered, filed a motion to dismiss, and moved for a stay pending a ruling on the motion to dismiss. Appellants filed a notice of non-opposition to Continental's motion to stay, and the district court granted the motion to stay on March 27, 2012. On March 28, 2012, the district court dismissed the retirement benefits claim,

---

[1] Mark Bolleter, a party in the original suit, is not a party to this appeal.

No. 14-20291

finding it precluded by the Railway Labor Act (RLA), but did not dismiss the other claims.

Appellants filed a motion to compel discovery responses from Continental on October 11, 2013. On October 18, 2013, Continental moved for summary judgment on the remainder of Appellants' claims,[2] and Appellants filed a motion to deny or continue the motions for summary judgment pending the completion of discovery pursuant to Federal Rule of Civil Procedure 56(d) on November 1, 2013. On November 12, 2013, the court denied Appellants' motion to compel but ordered "the parties to truly meet and confer regarding the nature and scope of discovery on a going-forward basis." Continental filed another motion for stay pending resolution of its summary judgment motions on March 26, 2014. On March 28, 2014, the court requested an expedited response to the motion for stay from Appellants, setting a deadline for response by April 7, 2014. The court entered an order granting the motion for stay on April 2, 2014, prior to the expedited deadline it set and before Appellants responded. On April 3, 2014, Appellants filed a motion for reconsideration of the order granting the motion to stay. The court never ruled on the motion for reconsideration. On April 7, 2014, the court issued a memorandum opinion and a take-nothing-judgment denying Appellants' Rule 56(d) motion and granting summary judgment in favor of Continental with respect to all of Appellants' claims. This timely appeal followed.

Appellants argue the district court abused its discretion by: (1) denying Appellants' Rule 56(d) motion, (2) granting Continental's motions for summary judgment without allowing Appellants to respond, and (3) granting Continental's motion to stay without allowing Appellants to respond. We

---

[2] Continental filed two separation motions: one motion for summary judgment on Kissinger's claim and one motion for summary judgment on Carder and Daugherty's claims.

No. 14-20291

AFFIRM the district court in all respects.[3]

## II. DISCUSSION

### A. USERRA

USERRA provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). If the military affiliation is a "motivating factor in the employer's action," the employer may still take that action if "the employer can prove that the action would have been taken in the absence of" the military affiliation. 38 U.S.C. § 4311(c)(1). Benefits of employment include "rights and benefits under a pension plan, a health plan, . . . severance pay, supplemental unemployment benefits, [and] vacations." 38 U.S.C. § 4303(2).

### B. The Rule 56(d) Motion

"Discovery matters are entrusted to the sound discretion of the district court, and therefore are reviewed for abuse of discretion." *McAlister v. Livingston*, 348 F. App'x 923, 940 (5th Cir. 2009) (per curiam) (internal quotation marks and citation omitted); *see also Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000). Further, we will only reverse a district court's discovery ruling when it is "arbitrary or clearly unreasonable." *McAlister*, 348 F. App'x at 940 (internal quotation marks and citation omitted). To be granted relief on a Rule 56(d) motion, "the nonmoving party [at summary judgment] must show how the additional discovery will defeat the summary judgment motion," and this showing "may not simply rely on vague assertions that additional

---

[3] Appellants also requested that, on remand, this court assign the case to a different judge. Since we affirm the district court, we need not reach this issue.

discovery will produce needed, but unspecified[,] facts." *Id.* (internal quotation marks and citations omitted) (alteration in original).

In the motion to stay, Continental argued that the discovery Appellants sought—and requested more time to complete via the Rule 56(d) motion—was class-related, even though a class had not yet been certified. Continental argued, accordingly, that the discovery requested was not relevant to the individual claims on which summary judgment was sought.

Appellants' Rule 56(d) motion alleges that the production of various documents by Continental will help Appellants defeat the motions for summary judgment. First, to oppose the motion for summary judgment on Carder and Daugherty's claims, Appellants requested a list of all Continental pilots who have taken military leave and all pilots who have taken Association Leaves of Absence (ALA) for more than 90 days, both dating back to 1994. Second, to oppose the motion for summary judgment on Kissinger's claim, Appellants requested any and all documents related to Continental's hiring criteria, guidelines, practices, procedures, guidance and/or directives from 1994 through the present. In the same vein, Appellants also requested: (1) a list of all persons involved in the pilot hiring and/or interview process from 1994 through the present, (2) *all* pilot applications from 1994 to the present, (3) a list of all pilot applicants *with* any military background or affiliations since 1994, (4) a list of all pilot applicants *without* any military background or affiliations since 1994, (5) a list of all pilot applicants with military *service* since 1994, and (6) a list of pilots *hired* from 1994 who were previously employed by a Continental express/feeder carrier and were later hired by Continental per the terms of a "flow-through" or "preferred hiring" agreement.

In denying the Rule 56(d) motion, the district court stated "[i]n the Court's view, the 'additional' discovery that the plaintiffs contend is necessary is insufficiently linked to the claims that Continental relies upon in its

[summary judgment] motion." The court further stated that "the need for 'class-wide' information to meet Continental's summary judgment arguments . . . overlooks the fact that Continental's motions are focused on the merits of [Appellants'] personal claims." The court found the claims had no merit, concluded that there was no basis for class certification, and denied the Rule 56(d) motion. We agree.

Continental, on summary judgment, argues Carder and Daugherty's vacation and sick leave claims: (1) are precluded by the RLA's mandatory arbitration provision, or alternatively, (2) must fail because pilots on military leave receive the most favorable treatment when compared to comparable types of leave. Regarding the medical, dental, and vision coverage claims, Continental argues: (1) Continental offers 24 months of continued coverage in compliance with USERRA, and (2) Appellants voluntarily dropped all coverage with Continental before going on military leave. Appellants have not shown how the requested documentation for ALA and military leave by Continental employees since 1994 would disprove that the RLA precludes the vacation and sick claims or how it would defeat Continental's assertions regarding the medical, dental, and vision coverage claims.

Appellants' requested documentation may have been relevant to refuting Continental's argument that the vacation and sick leave claims fail because ALA are not comparable to military leaves of absence. *See* 20 C.F.R. § 1002.150(c) (requiring employers to provide vacation leave "to an employee on a military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence"). We need not reach this issue, however, as the Rule 56(d) motion, with respect to Carder and Daugherty's vacation claim, was not decided on Continental's assertion that military leave receives more favorable treatment when compared to other comparable types of leave. It was instead decided on the fact that the RLA's

No. 14-20291

mandatory arbitration provision controls these claims.  Thus, Appellants have not shown how the production of documents relating to Continental pilots that have taken military or ALA leave would defeat the summary judgment motion, as it was decided on jurisdictional grounds.  *See McAlister*, 348 F. App'x at 940.

Continental, on summary judgment, argues Kissinger's failure-to-hire claim is not meritorious because Continental did not hire him for a legitimate, nondiscriminatory reason: that Kissinger performed at a "minimally satisfactory" level on his flight simulator evaluation, a prerequisite for employment with Continental as a pilot.[4]  Appellants' declaration that the requested discovery related to Kissinger's claim would prove that Continental has a bias against applicants with military affiliations is insufficient to support the Rule 56(d) motion.  Proof of this bias would not defeat summary judgment of Kissinger's claims because Continental has offered a legitimate, nondiscriminatory reason for its failure to hire Kissinger.  Appellants have not shown "how the additional discovery will defeat the summary judgment motion" with respect to Kissinger's failure-to-hire claim, and thus, this portion of the Rule 56(d) motion must also be denied.  *See id.*

Accordingly, we AFFIRM the district court's denial of Appellants' Rule 56(d) motion.

**C. The Motions for Summary Judgment**

Appellants appeal both rulings on the motions for summary judgment but make no arguments about the merits of summary judgment.  Rather, Appellants argue that the district court erred by ruling on the summary judgment motions without first ruling on the Rule 56(d) motion.  Appellants contend that the district court's joint ruling deprived Appellants of the opportunity to respond to Continental's summary judgment motion on the

---

[4] An applicant would not be recommended for hire if he or she received four "minimally satisfactory" scores or one "unsatisfactory" score on the simulator.

merits.  Appellants argue that we must review the summary judgment motions *de novo*, while Continental urges an abuse of discretion standard.  However, Continental cites no authority indicating that summary judgment should be reviewed for an abuse of discretion in any context.

Instead, a review of our caselaw indicates that when challenges to a Rule 56(d) motion and a motion for summary judgment are both lodged on appeal, we review the grant of summary judgment *de novo* and the denial of the Rule 56(d) motion for an abuse of discretion.  *See Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894−95 (5th Cir. 2013); *see also Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 348−49 (5th Cir. 2014) (per curiam); *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869−70 (5th Cir. 2010) (per curiam).

Appellants cite *Manzer v. Diamond Shamrock Chems. Co.*, for the proposition that the district court errs when it simultaneously enters orders on summary judgment and a Rule 56(d) motion by preventing the nonmovant from presenting an argument against summary judgment.  907 F.2d 151, 1990 WL 92630, at *4 (6th Cir. 1990) (per curiam) (unpublished).  However, the relevant language in *Manzer* is actually alluding to the Sixth Circuit's ruling in *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984), *cert. denied*, 486 U.S. 1032 (1988). But in *Yashon*, the defendants never filed a summary judgment motion on an issue that was remanded, and the court *sua sponte* granted summary judgment in the defendants' favor.[5]  *Id.*  This is not the case here, as

---

[5] The majority of cases cited by Appellants stand for the proposition that the district court may not *sua sponte* enter summary judgment without written motion or ten days' notice, pursuant to the requirements of former Fed. R. Civ. P. 56(c).  *See Powell v. United States*, 849 F.2d 1576, 1581−82 (5th Cir. 1988) (finding error not harmless where the district court did not provide the requisite ten days' notice before *sua sponte* granting summary judgment); *W. Fire Ins. Co. v. Copeland*, 786 F.2d 649, 652−53 (5th Cir. 1986) (holding that the district court erred in granting an oral motion for summary judgment without affording the nonmovant ten-day notice or an opportunity to present evidence); *see also U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735−36 (4th Cir. 1989) (finding error when

Continental filed its motions for summary judgment on October 18, 2013, and Appellants responded with a Rule 56(d) motion. The district court granted the motions for summary judgment on April 7, 2014. Appellants make no arguments about the merits of the grant of summary judgment. They only argue that they did not have the opportunity or the requisite discovery to properly respond to summary judgment. However, as previously noted, nothing sought in the Rule 56(d) motion would have defeated either grant of summary judgment. Appellants make no substantive arguments that summary judgment was improperly granted, and we cannot see how the requested discovery or any additional opportunity to respond would help defeat summary judgment.

"Discovery is not a prerequisite to the disposition of a motion for summary judgment." *Skiba v. Jacobs Entm't Inc.*, No. 14-30355, 2014 WL 5072670, at *1 (5th Cir. Oct. 10, 2014) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). If a party cannot adequately defend a motion for summary judgment, a Rule 56(d) motion is the appropriate remedy. *Id.* However, "[i]f it appears that further discovery will not provide evidence creating a genuine [dispute] of material fact," summary judgment may be granted. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citations omitted).

Appellants concede that Rule 56(d) motions are reviewed for abuse of discretion, yet attempt to rehash the Rule 56(d) arguments in their appeal of summary judgment subject to *de novo* review. We cannot review those arguments for abuse of discretion as they relate to the Rule 56(d) motion, and then also review the same arguments under a *de novo* standard as they relate to summary judgment. Therefore, any arguments that the entry of summary

---

the district court granted summary judgment *sua sponte* and did not give the nonmovant notice).

judgment was improper for discovery-related reasons are unavailing.

Even though Appellants offer no substantive response to summary judgment, it does not appear, viewing the facts in the light most favorable to Appellants, that there is a genuine dispute of material fact. *See Biles*, 714 F.3d at 895−96. The district court found that Carder and Daugherty's vacation and sick leave claims were governed by the Collective Bargaining Agreement (CBA) between Continental and the Air Line Pilots Association (ALPA). The vacation and sick leave accrual terms originated in the CBA, were negotiated between Continental and ALPA, and were approved by ALPA. The disputes between Carder and Daugherty regarding vacation and sick leave are "minor disputes" under the RLA because they arise from the interpretation of the CBA. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252−53 (1994). Continental has carried its "relatively light burden" of establishing that the RLA covers this dispute, and Appellants have presented nothing to rebut this. *See Schiltz v. Burlington N. R.R.*, 115 F.3d 1407, 1414 (8th Cir. 1997) (citation omitted). Thus, the district court lacked jurisdiction over the vacation and sick leave claims.

Regarding Carder and Daugherty's medical, dental, and vision coverage claims, the district court found that both voluntarily dropped Continental's provided coverage.[6] Appellants do not dispute this. Thus, we find that Continental has never deprived or disallowed Carder or Daugherty this coverage in violation of USERRA.

Regarding Kissinger's failure-to-hire claim, the district court found that he was not hired because of a legitimate, nondiscriminatory reason: he registered "minimally satisfactory" scores on his flight simulator test. Once

---

[6] The district court's holding only refers to Carder voluntarily dropping his Continental-provided coverage, but the record indicates that both Carder and Daugherty voluntarily opted out of coverage.

again, Appellants present nothing to rebut this contention. Thus, even if Kissinger's military association was a motivating factor in Continental's decision not to hire him, Continental's action was not a violation of USERRA.

Therefore, we AFFIRM the grant of both summary judgment motions in favor of Continental.

## D. The Motion to Stay

"Action on a request for stay . . . is a matter of judgment, and we review the district court's decision only to determine whether there has been an abuse of discretion." *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202 (5th Cir. 1983) (citation omitted). "We respect the trial court's inherent power to control the disposition of the causes on its docket . . . but we cannot abdicate our role to prevent the ossification of rights which attends inordinate delay." *Id.* at 202–03 (internal quotation marks, citation, and alteration omitted). The crux of Appellants' argument on the motion to stay is that they were denied the opportunity to be heard because the stay order was entered on April 2, even though the court requested an expedited response from Appellants by April 7, and Appellants had not yet responded. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard." (internal quotation marks and citation omitted)).

"[W]e have held that a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) (citation omitted). To sustain a contention that the district court abused its discretion by not allowing discovery purportedly related to a motion for summary judgment, the Appellants here would have to show how the already-obtained discovery left them unable to respond to summary judgment and how the other evidence sought to be obtained would help defeat summary judgment. *See Brazos Valley*

No. 14-20291

*Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir. 2005) ("Appellants did not, however, explain in their brief or at oral argument . . . what relevant evidence they thought further discovery likely would have revealed."). Appellants made lengthy but unconvincing arguments in the Rule 56(d) motion as to how the additional discovery sought would help defeat the motion for summary judgment.

At first blush, the fact that the district court requested an expedited response by April 7 and resolved the motion on April 2, may seem like error. Even if this were error, it does not rise to abuse of discretion because Appellants have not been deprived of their right to be heard on this issue, as the substance of the Rule 56(d) motion attempted to explain how the additional discovery requested would defeat summary judgment. The district court found, and we agree, that these additional documents would not have defeated summary judgment. While the more prudent course of action for the district court may have been to wait until a response on the motion to stay was filed because it requested an expedited response, we cannot say that Appellants were denied their right to be heard regarding additional discovery. Thus, the district court's grant of the motion to stay pending the resolution of the summary judgment motions was not an abuse of discretion. *See Brazos Valley*, 421 F.3d at 327. For this reason, we AFFIRM the district court's grant of the motion to stay.

## III. CONCLUSION

For the above-mentioned reasons, we AFFIRM the district court in all respects.