# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2019

Lyle W. Cayce
Clerk

BRIONNE THOME,

Plaintiff-Appellant,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE
GREATER HOUSTON AREA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2974

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Brionne Thome appeals the district court's grant of summary judgment to her employer, the Young Men's Christian Association of the Greater Houston Area ("YMCA"). Thome says the YMCA unlawfully fired her based on her pregnancy. *See* 42 U.S.C. §§ 2000e(k), 2000e–2(a)(1).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20451

In evaluating such claims for employment discrimination, we apply the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Under it, (1) the plaintiff must establish a *prima facie* case of discrimination, which, if established, raises a presumption of discrimination; (2) the employer can rebut the presumption by producing a legitimate nondiscriminatory reason for the adverse employment decision; and (3) the plaintiff bears the ultimate burden of proving that the employer intentionally discriminated based on the plaintiff's protected status. This framework applies to pregnancy discrimination claims. *See Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1353–54 (2015).

We assume without deciding that Thome has established a *prima facie* case of discrimination. Even so, the YMCA presented a legitimate nondiscriminatory reason for firing her. In June 2014, Thome sent a mass e-mail to dozens of employees under her supervision. The e-mail's subject line read: "PAYROLL- if you care to get paid you need to read…..IMMEDIATELY." In the e-mail, Thome complained about having to fix time entries for employees who failed to punch in and punch out correctly. She promised that in the future, she would say "thank you for volunteering your time," "I'm sorry but I didn't have time to do payroll this week because I already worked 40 hours," and "Sorry can you wait on getting paid until I have time?" And she asked whether it would be acceptable if they didn't receive a paycheck for "the whole summer? 6 months? All year? Never?"

YMCA's Vice President of Human Resources, Jennifer Lopez, stated that these statements were inappropriate and "threatened YMCA's employees' basic right to be paid for the work they performed, not only in contravention of YMCA policy, but as I understand it, of federal and state law, including the Fair Labor Standards Act and the Texas Payday Act." About a week after Thome sent the e-mail, Lopez fired her. Lopez advised Thome specifically that

her termination was based upon the email. Lopez also testified that, in early 2013, Thome was put on a performance improvement plan after subordinates gave feedback about her poor communication skills. And in August 2013, a swim instructor complained that Thome was rude, disrespectful, and "continuously bullied" her. But Lopez stated that her decision to fire Thome was based on the inappropriate e-mail that Thome had sent in June 2014.

There is no genuine dispute that Thome was fired because of her inappropriate e-mail. YMCA is therefore entitled to summary judgment. FED. R. CIV. P. 56(a). Though Thome complains that the district judge should have allowed her to depose additional witnesses before ruling on YMCA's motion for summary judgment, she has not shown how those depositions would yield "facts essential to justify [her] opposition" to the motion. FED. R. CIV. P. 56(d). "Discovery matters are entrusted to the sound discretion of the district court, and therefore are reviewed for abuse of discretion." *See Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 296 (5th Cir. 2014) (quoting *McAlister v. Livingston*, 348 F. App'x 923, 940 (5th Cir. 2009) (per curiam)). We can find no such abuse here.

The district court's judgment is AFFIRMED.