# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50979
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2023

Lyle W. Cayce
Clerk

Robert James Esquivel,

*Plaintiff—Appellant*,

*versus*

David Kendrick, *Badge #0567, Patrol Division, San Antonio Police Department*; Logan Eastburn, DPS, Trooper #14720; Ryan Bibby, DPS, Trooper #14593; Nicholas Wingate, DPS, Trooper #13157; San Antonio Police Department; Texas Highway Patrol Department of Public Safety,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-377

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Robert James Esquivel, proceeding *pro se* and *in forma pauperis*, filed an action against the San Antonio Police Department

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

("SAPD"), the Texas Highway Patrol Department of Public Safety ("DPS"), and several officers within these departments. Esquivel raises various constitutional violations under 42 U.S.C. § 1983, as well as additional tort claims, including defamation, slander, and intentional infliction of emotional distress. On appeal, Esquivel claims that the district court erred, *inter alia*, by: (1) denying his request for the appointment of counsel; (2) granting the SAPD and SAPD Officer David Kendrick's motion to dismiss; and (3) granting the DPS and DPS Troopers Logan Eastburn, Ryan Bibby, and Nicholas Wingate's motion for summary judgment. We AFFIRM.

**I.**

Esquivel first contends that the district court erred by denying his request for the appointment of counsel. He argues that counsel should have been appointed to him because, among other things, he does not understand the language of the law, he lacked access to a law library, and he was unable to secure legal representation.

"We review the denial of a motion to appoint counsel for abuse of discretion." *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018). There is generally no right to the appointment of counsel in a civil suit, and the court need not appoint counsel unless the case presents "exceptional circumstances," which depend on "the type and complexity of the case, and the abilities of the individual bringing it." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Esquivel has not shown that the district court abused its discretion in failing to find the extraordinary circumstances required for the appointment of counsel. Esquivel's claims, which pertain to a single vehicle stop that was recorded via bodycam, are not sufficiently complex to warrant the appointment of counsel. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) ("While section 1983 cases are by their nature more complex

than many other cases, . . . counsel must be appointed only in exceptional civil rights cases."); *Amos v. Jefferson*, 861 F. App'x 596, 601 (5th Cir. 2021) (unpublished) (affirming the denial of the appointment of counsel where the case was not factually complex and hinged largely on a video recording); *Kiser v. Dearing*, 442 F. App'x 132, 134-35 (5th Cir. 2011) (unpublished) ("[T]he facts surrounding the single incident . . . are relatively straightforward; and the legal contours of excessive force claims are well-established and not particularly complex.").

Furthermore, Esquivel's filings, which include his complaint, various motions, and objections to the magistrate judge's reports and recommendations, indicate that Esquivel was capable of proceeding without the assistance of counsel. *See Perry v. Currie*, 829 F. App'x 31, 33 (5th Cir. 2020) (unpublished) ("[Plaintiff-Appellant's] claims are not particularly complex, and, given his filings, he has demonstrated that he is capable of competently proceeding through the court system without the assistance of counsel."); *Jackson*, 811 F.2d at 262 ("[Plaintiff-Appellant] has filed ten different items ranging from his original complaint to the notice of appeal that brought this matter before this court. We are convinced that [Plaintiff-Appellant] can adequately develop the facts and present his case in any further proceedings.").

Esquivel's remaining arguments supporting the appointment of counsel are unpersuasive. Esquivel maintains on appeal that the district court violated Rule 23(g) of the Federal Rules of Civil Procedure because the court failed to appoint counsel for an identified class. While Esquivel claims that he, along with many others, was subjected to unlawful strip searches while detained at the Bexar County Detention Center, he never sought class

certification.[1] Rule 23(g) addresses the appointment of class counsel following class certification or in the interim before class certification is determined, and it is inapplicable to this case. *See* FED. R. CIV. P. 23(g).[2]

Esquivel also argues that the district court should have conducted a *sua sponte* evaluation of mental competence. However, he cites no authority supporting his assertion that district courts are obligated to conduct *sua sponte* mental competence evaluations for *pro se* plaintiffs. Therefore, we consider this argument abandoned for being inadequately briefed.[3] *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (argument with no citations to authority is deemed abandoned); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (claims inadequately briefed on appeal are considered abandoned, even for a *pro se* litigant).

Accordingly, we find that the district court did not abuse its discretion in denying Esquivel's motion for the appointment of counsel.

## II.

Esquivel next contends that the district court erred by dismissing his claims against the SAPD and SAPD Officer David Kendrick (collectively, the "SAPD Defendants"). "We review *de novo* the grant of a Rule 12(b)(6)

---

[1] In a motion to amend his complaint, Esquivel attempted to add the United States as a defendant and plead additional claims related to strip searches at the Bexar County Detention Center. Esquivel's motion was not granted, and the parties alleged to have been involved in these practices were never served.

[2] On appeal, Esquivel additionally claims that the district court violated the due process rights of the class. Because this is not a class action case, this argument lacks merit.

[3] This court has not held that a district court is obligated to conduct *sua sponte* mental competence evaluations for *pro se* plaintiffs. The one case cited by Esquivel to support his argument is nonexistent.

motion to dismiss." *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). However, when a magistrate judge first issues a report and recommendations, a party is entitled to *de novo* review only after filing timely objections to the report and recommendations. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). Objections are considered timely when they are raised by the aggrieved party within fourteen days after being served with a copy of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). For unobjected-to portions of a magistrate judge's report and recommendations, the standard of review is plain error. *Quinn*, 863 F.3d at 358. Here, because Esquivel did not file timely objections to the magistrate judge's report and recommendations regarding the SAPD Defendants' motion to dismiss, we review for plain error.

## A.

Esquivel primarily raises procedural challenges to the district court's dismissal of his claims against the SAPD Defendants. He argues that he was unable to properly oppose the SAPD Defendants' motion to dismiss because the magistrate judge denied his requests that the court: (1) hold a pretrial conference; and (2) produce materials in the possession of Defendants-Appellees.

To the extent that Esquivel is attempting to appeal the magistrate judge's decisions directly, these efforts are unsuccessful. A party may not preserve as error a defect in a magistrate judge's nondispositive order that is not timely objected to within fourteen days of service. Fed. R. Civ. P. 72(a). When a party makes timely objections to a magistrate judge's nondispositive order, the district court will only modify or set aside any portion of the order that is "clearly erroneous" or "contrary to law." *Id.*

Esquivel did not timely object to the magistrate judge's order denying his request for a pretrial conference. This issue is therefore not preserved,

No. 22-50979

and we do not address it. *Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 453 (5th Cir. 2019) (unpublished).

Furthermore, Esquivel's request that the district court provide him with certain materials in the possession of Defendants-Appellees—before any defendants had appeared in the case—was improper. As the magistrate judge explained to Esquivel, the district court lacked the authority to provide Plaintiff-Appellant with state-court documents in Defendants-Appellees' possession. Thus, the magistrate judge's denial of Esquivel's request for production was not clearly erroneous or contrary to law.

To the extent that Esquivel is arguing that the district court erred in granting the SAPD Defendants' motion to dismiss due to Esquivel's inability to review discovery materials, this effort is unsuccessful as well. Esquivel argues that discovery would have allowed him to strengthen his pleadings. A 12(b)(6) inquiry, however, focuses not on the sufficiency of the plaintiff's evidence, but rather solely on the allegations contained in the pleadings. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007). Furthermore, there is no indication that access to materials in the possession of Defendants-Appellees would have meaningfully assisted Esquivel in opposing the SAPD Defendants' motion to dismiss. Esquivel's pleadings do not allege that Officer Kendrick had any meaningful connection to the conduct that brought forth Esquivel's legal claims.[4] Moreover, Esquivel did not plead any allegations that could give rise to claims against the City of San Antonio—or against Officer Kendrick in his official capacity—under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

---

[4] Esquivel correctly identified in his pleadings that DPS troopers—not Officer Kendrick—stopped him, seized him, and searched his vehicle.

**B.**

Finally, on appeal, Esquivel raises for the first time two substantive arguments in opposition to the SAPD Defendants' motion to dismiss. First, citing nonexistent cases, Esquivel argues that the City of San Antonio waived immunity from suit by purchasing liability insurance for its police officers. Second, Esquivel attempts to bring an unpled conspiracy claim against Officer Kendrick. Because Esquivel did not raise these issues in the district court, we decline to consider them for the first time on appeal. *See State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009).[5]

For the reasons stated above, we find that the district court did not err in granting the SAPD Defendants' motion to dismiss.

**III.**

Esquivel finally contends that the district court erred in granting a motion for summary judgment brought by the DPS and DPS Troopers Logan Eastburn, Ryan Bibby, and Nicholas Wingate (collectively, the "DPS Defendants"). "We review *de novo* a district court's grant of summary judgment, applying the same standard as the district court." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal citations omitted).

**A.**

Esquivel first argues that the district court should have denied the DPS Defendants' motion for summary judgment because the motion lacked

_____

[5] Esquivel repeats his contention about waiver of immunity due to liability insurance coverage when arguing that the district court erred in denying the DPS and DPS troopers' motion for summary judgment. Because Esquivel raises this argument for the first time on appeal and cites nonexistent authority, we also decline to address it in the context of the motion for summary judgment.

a certificate of conference as required by the local rules. Under Western District of Texas Local Rule CV-7(G), conference may be required by the court for nondispositive motions. Because motions for summary judgment are considered dispositive motions, *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016), the local rule referenced by Esquivel does not apply. The district court thus did not err by granting the DPS Defendants' motion for summary judgment without requiring a certificate of conference.

**B.**

Esquivel next challenges the district court's consideration of police reports in deciding the summary judgment motion, arguing that these reports contain inadmissible hearsay. While "[h]earsay cannot create a genuine issue of material fact" on a summary judgment motion, *Porter v. Lear*, 751 F. App'x 422, 430 (5th Cir. 2018) (unpublished), the information contained in police reports may be considered for non-hearsay purposes, including to show "what the officers knew during the investigation and their reasoning in making their probable cause determinations," *id.* at 433; *see also United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009) ("Testimony describing an investigation's background should not be needlessly objected to on hearsay grounds where it goes only to how police investigated a crime rather than to the truth of the matter asserted."). Moreover, in civil actions, federal courts may admit police reports pursuant to the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8); *see also, e.g., Sanders v. Sky Transp., LLC*, 569 F. Supp. 3d 455, 458 (E.D. Tex. 2021); *Bedford Internet Off. Space, LLC v. Travelers Cas. Ins. Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014); *Reliastar Life Ins. Co. v. Thompson*, No. CIV. M-07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Nunez v. United Fin. Cas. Co.*, No. 2:15-CV-00189, 2016 WL 5415070, at *1 (W.D. La. Sept. 27, 2016). In civil cases, police reports may also be admitted under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *see also, e.g., United States v.*

*Martin*, 434 F.2d 275, 279 (5th Cir. 1970); *Bedford Internet Off. Space, LLC*, 41 F. Supp. 3d at 543. Because there are multiple grounds for admitting the police reports into evidence, the district court did not err by reviewing the firsthand observations of the reporting officers in deciding the summary judgment motion.

## C.

Esquivel also claims that the district court erred in granting the DPS Defendants' motion for summary judgment after the magistrate judge denied his requests for discovery. Esquivel filed a motion to compel discovery with the district court after serving Defendants-Appellees' counsel with requests for admission, requests for production, and interrogatories. The magistrate judge denied Esquivel's motion, finding that: (1) the deadline for Defendants-Appellees to respond to Esquivel's timely requests had not passed; and (2) Defendants-Appellees had no obligation to respond to Esquivel's additional requests made after the expiration of the discovery deadline. The record is unclear as to whether Esquivel's objections to the magistrate judge's order were timely.[6] However, even if Esquivel's objections were timely, because Esquivel was repeatedly reminded of the discovery deadline by the district court, we find that the magistrate judge's order was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

---

[6] Rule 72(a) of the Federal Rules of Civil Procedure provides that a district court judge must consider a party's objections to a magistrate judge's nondispositive order if the objections are filed within fourteen days after being served with a copy. If Esquivel was served via mail on the date of the magistrate judge's order denying his motion to compel discovery, March 11, 2022, Esquivel would have had fourteen days to respond, plus three days under Rule 6(d) of the Federal Rules of Procedure; his objections filed on March 29 would have been untimely by one day, and he would be unable to claim error on appeal. Fed. R. Civ. P. 72(a).

Furthermore, the district court did not err when it granted the DPS Defendants' motion for summary judgment after the magistrate judge had denied Esquivel's motion to compel discovery. Esquivel asserts that the DPS Defendants presented inconsistent evidence, and that he was prejudiced by his inability to procure more discovery materials from Defendants-Appellees. However, the DPS Defendants' evidence supporting their motion for summary judgment was corroborated by bodycam footage, which the court reviewed before making its holding. Additionally, the magistrate judge had notified Esquivel on several occasions that he should promptly serve Defendants-Appellees with requests for discovery. Esquivel had ample opportunity to participate in the discovery process, and the district court did not err in relying on the evidence before it to grant to DPS Defendants' motion for summary judgment.

**D.**

Esquivel finally claims that the district court erred by finding that the DPS Defendants were entitled to qualified immunity. "A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* To overcome the defense of qualified immunity, a plaintiff must establish that: (1) the official violated the plaintiff's statutory or constitutional right; and (2) the right was clearly established at the time of the violation. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

Esquivel alleges that he was subjected to several constitutional violations, including an unreasonable search and seizure. The magistrate judge, in her report and recommendations on the DPS Defendants' motion

No. 22-50979

for summary judgment, reviewed the available evidence and determined that Defendants-Appellees acted reasonably in stopping, securing, and searching Esquivel's vehicle. Esquivel did not respond to the DPS Troopers' motion for summary judgment and, in his objections to the magistrate judge's report and recommendations, he did not cite authority indicating that Defendants-Appellees violated his clearly established constitutional rights. On appeal, Esquivel again fails to cite authority demonstrating that his clearly established rights were violated. Because Esquivel did not show that the DPS Defendants violated his clearly established constitutional rights, the district court did not err in holding that the DPS Defendants were entitled to qualified immunity.

Accordingly, we find that the district court did not err in granting the DPS Defendants' motion for summary judgment.

## IV.

For the foregoing reasons, we AFFIRM.[7]

---

[7] Because we affirm the district court's judgments, we need not address Esquivel's request to transfer this case to another court on remand. *See Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 296 n.3 (5th Cir. 2014) (unpublished) ("Appellants also requested that, on remand, this court assign the case to a different judge. Since we affirm the district court, we need not reach this issue.").