United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-11336
Summary Calendar

---

GORDON DUFF CULWELL AND WILLIAM PATRICK CONRAD,

Plaintiffs-Appellants,

VERSUS

CITY OF FORT WORTH,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
m 4:04-CV-655

---

Before SMITH, WIENER, and OWEN,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Culwell and Conrad appeal a summary judgment on their claims of employment discrimination and unlawful retaliation by the City of Fort Worth. We affirm in part, reverse in part, and remand.

I.

Culwell and Conrad, both white males, contend they were unlawfully discriminated against when they were fired from their jobs as building code inspectors. They allege unlawful racial discrimination and retaliation under title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et seq.*), and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE §§ 21.001-21.556). The city claims it

terminated plaintiffs solely because an investigation had revealed that they used their positions as building inspectors to keep properties out of the inspection process while they acquired title and then resold the properties at a substantial profit.

## II.

On November 23, 2004, the district court issued a scheduling order establishing that motions for summary judgment must be filed by September 8, 2005, and discovery was to be completed by October 31, 2005. The order also advised that the court would not accept pleadings "signed by a law firm," for the stated reason that individual attorneys, rather than law firms, are licensed to practice. On February 3, 2005, in response to a January 27, 2005, order, plaintiffs filed an amended complaint. Until August 11, 2005, they neither made any document requests nor took any depositions.

On August 11, plaintiffs served the city with a request for production of documents. On September 12, the city raised objections to thirty-seven categories of documents sought. Meanwhile, on September 8, the city moved for summary judgment. The requested documents the city produced arrived at plaintiffs' lawyer's offices on September 23, thirteen days later than had been specified in plaintiffs' document request.

On September 28, the last day of the twenty-day period for response to a motion prescribed by Northern District of Texas Local Rule 7(e), plaintiffs filed a Federal Rule of Civil Procedure 56(f) motion for leave to extend time to file their response to the city's motion for summary judgment. The motion was unfiled by the district court later that day for failure to comply with the November 23 scheduling order's prohibition against pleadings "signed by a law firm". According to plaintiffs' counsel, he did not learn that the district court had unfiled his rule 56(f) motion until October 17, when he inquired about the disposition of the motion.

On October 18, plaintiffs filed a duplicate rule 56(f) motion that apparently was not deemed by the district court to have been "signed by a law firm." Nevertheless, on October 19 the court issued a brief order denying plaintiffs' motion as untimely and, anyway, meritless. The same day, the court granted summary judgment.

## III.

We review for abuse of discretion any sanctions imposed to enforce a pre-trial order. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997). We review under the same standard a decision to preclude further discovery before entry of summary judgment, though, as we explain below, that discretion is somewhat more limited. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993).

The district court abused its discretion by unfiling Culwell and Conrad's first rule 56(f) motion as a sanction for violation of its pretrial order prohibiting motions signed by a law firm. As a result, the court reversibly erred by deeming plaintiffs' second rule 56(f) motion untimely. The court also abused its discretion in ruling that the refiled rule 56(f) motion was meritless with respect to plaintiffs' claims of racial discrimination.

The only reason we can discern that the initial rule 56(f) motion ran afoul of the order against motions "signed by a law firm" is that plaintiffs' counsel listed the name and address of his law firm above his signature. The signa-

ture appears to be handwritten rather than machine-generated, and the page indicates that the motion is submitted "By: [signature] W. Christopher W. Haynes." Haynes lists his state bar number and indicates that he is attorney for plaintiffs. Most importantly, he appears to be an individual rather than a law firm.

The form of the motion was not obviously violative of the order against submissions signed by firms,[1] and it certainly did not warrant *de facto* dismissal on the basis of what must appear to the casual observer to be judicial petulance. Although we have been unable to find a case in which a court of appeals has reviewed a dismissal based on the fact that the opposition was "signed by a law firm," it seems a basic principle of fairness and good judgment that no party should lose a case solely because his lawyer listed the name and address of a law firm above, rather than below, the lawyer's signature.

A court may not use dismissal with prejudice as a sanction under Federal Rule of Civil Procedure 16(f) unless it finds that a lesser sanction would not serve the interests of justice and there is a clear record of delay or contumacious conduct by a party. *See Bann*, 108 F.3d at 627. Although the act of unfiling the motion was not technically a dismissal with prejudice, the applicable summary judgment standard placed the burden squarely on plaintiffs to come forward with specific facts from the record indicating that there was a genuine

dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Once the court unfiled the otherwise proper and timely motion, dismissal with prejudice was inevitable. Thus, in this case the unfiling of the motion must be held to the high standard we established in *Bann*.

Plaintiffs' conduct did not even approach that necessary to warrant such a sanction. Although they had had previous submissions unfiled for failure to comply with the pretrial order, the rule against motions signed by a law firm—insofar as it prohibited placing the name and address of a law firm above a by-line and signature block (a practice that does not seem, to the casual reader, even to be a violation)—was inconsistently applied. As a result, the (at most) technical violation of the rule did not rise to the level of a pattern of contumacious conduct, and the interests of justice would have been better served by accepting the motion and, if necessary, issuing another order clarifying the rule, perhaps directing plaintiffs to substitute a motion whose form comported with the district judge's interpretation of his rule.

IV.

The court also abused its discretion when it determined, with respect to the October 18 motion, that even had it been timely filed, it would have been meritless. Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Such motions are broadly favored and should be liberally granted. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). The district court concluded that plaintiffs had not exercised due

---

[1] This is particularly true in light of the fact that the district court did not sanction or record any disapproval of plaintiffs' June 22, 2004 motion for withdrawal and substitution of counsel, which had been signed in exactly the same format as the unfiled Rule 56(f) motion.

diligence in making discovery requests. We disagree.

Although plaintiffs' diligence in pursuing discovery was not exemplary, this case is distinguishable from the one case to which defendant points in which we affirmed denial of a non-movant's rule 56(f) motion on the ground that plaintiff had failed diligently to pursue discovery from the opposing party.[2] In *Baker*, where the district court had issued a scheduling order similar to the one here, plaintiff filed no discovery requests until thirty-one days before the scheduled end of the discovery period, at which point the deadline for submitting summary judgment motions had passed. As a result, given that defendant had thirty days to comply with the document production requests, no documents were due to plaintiff until two weeks after her response was due to a summary judgment motion filed on the last day permitted by the scheduling order. Because plaintiff, as a result of her inexplicable delay in filing any discovery requests, was entirely responsible for creating the situation, we affirmed the denial of her rule 56(f) motion. *See Baker*, 430 F.3d at 756.

Here, in contrast, plaintiffs filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose summary judgment motions filed on the due date. Hence, the instant plaintiffs are in the position that the plaintiff in *Baker* would have been in had she filed her request for document

---

[2] *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005); *see also Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth.").

production roughly seven weeks before she actually did. Though it would have been better for all concerned if these plaintiffs had acted more promptly in pursuing discovery, we conclude, in light of our presumption in favor of granting rule 56(f) motions, that the delay did not (quite) warrant denial of their motion for lack of due diligence.

The city points out that granting plaintiffs' motion for a fourteen-week extension for discovery, followed by a three-week period to respond to the summary judgment motion, would have required altering the deadline for concluding discovery set by the November scheduling order—an order it has broad discretion to enforce. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Significantly, we do not say that plaintiffs were entitled to all the time for which they asked, but only that they were entitled to some extension. Because the district court granted none, we review under the standards applicable to rule 56(f) motions, where a district court's discretion is limited by our presumption that such motions should be liberally granted.

We are mindful, of course, that a district court, in response to a rule 56(f) motion, has authority to make any order that is just. *See* Fed. R. Civ. P. 56(f). Had the court granted an extension only until the end of the discovery period specified in the pre-trial order, we would review the denial of additional time under the standard applicable to motions for modification of a pre-trial scheduling order. *See* FED. R. CIV. P. 16(b). Unlike rule 56(f), rule 16(b) requires a showing of good cause to modify a scheduling order. *See Geiserman*, 893 F.2d at 792. We express no opinion as to whether plaintiffs have shown good cause for such modification. Because we remand, the scheduling order is moot.

4

## V.

The city makes a number of arguments, on the merits, in support of the summary judgment. Those arguments are based on the premise, however, that plaintiffs have filed no opposition to the summary judgment motion and that the motion must be decided solely on the basis of the facts that have been discovered so far. Because we conclude that plaintiffs' rule 56(f) motion was timely filed and that they were not so slothful in discovery as to warrant rejection of their motion on that ground, we must first determine whether the motion adequately specified how the discovery they wanted could give rise to a genuine issue of material fact. *See Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999).

To qualify for relief under rule 56(f), a party must show

> both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The . . . party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts in opposition to summary judgment.

*Id*. Plaintiffs have met this standard.

To survive summary judgment on a claim of unlawful racial discrimination in employment,[3]

a plaintiff must prove, at least, that there is a genuine dispute of material fact concerning his *prima facie* case. If the employer comes forward with a legitimate, alternative, non-discriminatory reason for its employment action, the plaintiff must point to disputed facts from which a reasonable factfinder could conclude either that the alternative reason is a pretext or that it was only one of multiple reasons for defendant's conduct, another of which was racial animus. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005). To make a *prima facie* case, plaintiffs must prove that they (1) are white, (2) were qualified for the positions from which they were discharged; (3) were subjected to an adverse employment action, and (4) were treated less favorably than were similarly-situated individuals who are not white under nearly identical circumstances. *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005).

Plaintiffs' rule 56(f) motion stated that they needed discovery of documents relating to the City's treatment of two black employees who they allege engaged in conduct similar to that for which the city claims it fired them. Plaintiffs seek to prove that the city knew of the similar activities of the other employees, yet launched no investigation and took no disciplinary action. If the sought-after documents support that theory, the documents would be sufficient to create a genuine dispute of material fact with respect to (1) whether the black employees to whom Culwell and Conrad point were, in fact, similarly situated and (2) whether the investigation was a pretext for a racially

---

[3] The goal of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LABOR CODE § 21.001(1). Because the Texas Supreme Court looks to federal precedents for guidance as to how to meet this legislative (continued...)

[3](...continued)
mandate, we analyze plaintiffs' state law claims and their title VII claims under the same legal standard. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001).

5

motivated discharge. Because the city does not contest the first three elements of the *prima facie* case, such a dispute would be sufficient to preclude summary judgment. Because documents indicating what the city knew about the activities of other employees are likely to be solely in possession of the city, it is reasonable that plaintiffs would need further discovery to prove their theory.[4] With respect to the claims of unlawful discrimination, the rule 56(f) motion should have been granted.[5]

## VI.

Plaintiffs also claim that the city unlawfully retaliated against them and created a hostile work environment. They elected, however, to rely solely on a rule 56(f) motion in response to the city's motion for summary judgment and did not file an answer on the merits. None of the information that they declare will be revealed through further discovery would preclude summary judgment as to these other claims.

As the district court stated, plaintiffs' claims of unlawful retaliation were beyond the scope of their complaints to the EEOC and the Texas Commission on Human Rights. Because complaints to these bodies are prerequisites to filing retaliation claims in court, the district court lacked jurisdiction and appropriately dismissed the retaliation claims. *See Pope v. MCI Telecom Corp.*, 937 F.2d 258, 263 (5th Cir. 1991). Likewise, plaintiffs have made no answer to the City's showing that there is no evidence giving rise to a dispute of material fact as to whether they were subjected to a hostile work environment. The city is entitled to summary judgment on these claims as well.

## VII.

In sum, we AFFIRM the summary judgment with respect to unlawful retaliation and hostile work environment. We REVERSE the summary judgment as to unlawful discrimination, and we REMAND for further discovery and other proceedings not inconsistent with this opinion.

---

[4] *See Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 ("The parties' comparative access to the witnesses or material relevant to the disposition of the Rule 56(f) motion is a particularly salient factor the trial court to consider in exercising its discretion.") (citations omitted).

[5] *See id. Cf. Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973) (en banc).