**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-41133
Summary Calendar

RICHARD L. DOCKUM,

Plaintiff-Appellant,

versus

WAL-MART STORES TEXAS, LP,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(No. 1:06-CV-025)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Dockum appeals from the district court's denial of his motion for a default judgment

under FED. R. CIV. P. 16(f). We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dockum filed suit against Wal-Mart for injuries he sustained from a slip and fall in a Wal-Mart in Brownsville, Texas. The district court set a deadline of April 24, 2006, for the parties to submit a joint discovery case management plan under FED. R. CIV. P. 26 to the court. Dockum and defense counsel arranged to discuss the plan over the phone on April 18, 2006. Dockum alleges that he wanted to complete the plan earlier but that defense counsel refused to set an earlier time. Dockum also alleges that during the conversation, defense counsel was unprepared to discuss the plan and told Dockum that it would be "a cold day in hell" before Dockum received $500,000.00, the amount Dockum requested to settle the suit. Additionally, Dockum states that the plan was not submitted to him until May 2, 2006, after the deadline, a result that he believes resulted from defense counsel's purposeful malingering.

For his part, defense counsel disputes each of these allegations. He states that he walked the pro se plaintiff through each of the elements of the Rule 26 plan and that he did not remember using the phrase "cold day in hell." Defense counsel also argues that when he faxed the completed plan to Dockum on May 2, Dockum refused to sign it, stating only that he did not like the wording. Dockum filed a Rule 16(f) motion on May 5, 2006, asking for a default judgment to be entered against the defendant. Wal-Mart then filed a similar motion on May 12, 2006, asking for dismissal of the case because Dockum refused to sign the discovery plan. The district court judge denied both motions. The suit was later dismissed because it was filed after the prescriptive period had expired. Dockum appeals the denial of his Rule 16(f) motion.

## II. DISCUSSION

We review the district court's judgment regarding sanctions based on pre-trial orders for abuse of discretion. *Culwell v. City of Fort Worth*, 468 F.3d 868, 870 (5th Cir. 2006). When the extreme remedy of dismissal is sought under Rule 16(f), the party seeking such relief must demonstrate "a clear record of delay or contumacious conduct by the [opposing party]," *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997), or that no lesser order would "permit the court to fulfill its obligation to administer justice expeditiously," *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978). The district court, after considering the motions and arguments of the parties, found that the allegations of Dockum and defense counsel were irreconcilable, such that neither of them had demonstrated a clear record of delay or any aggravating factor justifying dismissal or default judgment. The district court did not abuse its discretion in denying Dockum's Rule 16(f) motion because he failed to justify the imposition of a default judgment against Wal-Mart.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.