# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-40424
Summary Calendar

MARTIN VILLARREAL; SALVADOR PANTOJA; ALICIA PANTOJA;
CARMEN REYES; GRISELDA VILLARREAL; ET AL,

Plaintiffs-Appellants

v.

MG BUILDERS; FRANK ARCHITECTS, INC.; WSC, INC.,

Defendants-Appellees

v.

TRINITY TESTING LABORATORIES, INC.,

Third Party Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-cv-11

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Plaintiffs filed suit for damages arising from the faulty construction of their homes under numerous theories of Texas state law. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed each of the claims against M.G. Builders either for failure to state a claim upon which relief may be granted or on summary judgment. The Plaintiffs argue on appeal that genuine issues of material fact exist. We AFFIRM.

In 1997, the city of Laredo, Texas and the Laredo Affordable Housing Corporation ("the City Defendants") received federal funds for the construction of a new subdivision. The single-family homes were reserved for low-income families. The City Defendants hired a number of contractors and subcontractors to assist with the project, including Defendant M.G. Builders. When the subdivision was complete, several individuals – some of whom are the Plaintiffs – purchased homes directly from the City Defendants. No contractual relationship existed between M.G. Builders and these purchasers.

Sometime after construction terminated in 1999, it became apparent that the Plaintiffs' homes were defectively built. In 2002, the Plaintiffs filed suit against the City Defendants, M.G. Builders, and the other subcontractors involved in the project. They alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud in a real estate transaction, violations of the Texas Real Estate Construction Act, negligence and gross negligence, negligent misrepresentation, breach of contract, and civil conspiracy. M.G. Builders moved for dismissal or summary judgment on each allegation. The district judge ruled from the bench that the claims be dismissed either for failure to state a claim or on summary judgment. However, before the court's order could be entered, the case was stayed due to the bankruptcy of defendant Trinity Testing.

When the stay was lifted in 2007, the district court reconsidered M.G. Builders' motions, and re-affirmed the court's prior ruling. On appeal, the Plaintiffs allege generally that the district court erred when it did not find an implied warranty of workmanlike conduct despite the absence of privity of contract, that a genuine issue of material fact existed as to whether M.G.

Builders violated the DTPA, and that the district court abused its discretion by denying their motion for a continuance prior to the original trial date.

We review *de novo* a district court's grant of both summary judgment and a motion to dismiss pursuant to Rule 12(b)(6). *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008); *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

The Plaintiffs first allege that a residential homebuilder impliedly warrants that the house will be constructed in a good and workmanlike manner. *Humber v. Morton*, 426 S.W.2d 554, 561 (Tex. 1968). However, in the single authority cited for the existence of implied warranties owed by a homebuilder, a direct contract existed between the builder – who was also the seller – and the purchaser. *Id.* No such contractual relationship exists here.[1]

Second, Plaintiffs contend that an implied warranty to perform services to repair or modify existing tangible property in a workmanlike manner may arise under common law if mandated by public policy. *See Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex. 1998). While this recitation of the law is accurate, such warranties are only appropriate in agreements for repair to existing property, not for new construction. *See id.* Even if M.G. Builders' actions could be construed as "repairs," the imposition of an implied warranty is an extraordinary remedy for plaintiffs who cannot otherwise find redress. *Id.* Here, Plaintiffs concede that they have successfully settled with the City Defendants.

The district court also dismissed the DTPA claim as barred by the statute of limitations. No competent evidence to the contrary is offered. M.G. Builders'

---

[1] Questions concerning whether implied warranties of construction in a good and workmanlike manner are owed to subsequent purchasers, and whether M.G. Builders was a contractor or a subcontractor, are insufficiently posed and supported by authority in the trial court, on appeal, or both. We do not consider those points.

affidavit was self-serving. That reality does not create a genuine issue for trial; only contradictory evidence would do that, and none exists in this record. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986).

Finally, the district court did not abuse its discretion when it denied the Plaintiffs' motion for a continuance prior to the original trial date. We review the denial of a motion for relief under Federal Rule of Civil Procedure 56(f) for an abuse of discretion. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006). The Plaintiffs' counsel asserted that further discovery was needed without stating with particularity why additional discovery was necessary nor how it would generate genuine issues of material fact. We have held that a non-moving party may not rely on vague assertions regarding the need for additional discovery. *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 (5th Cir. 2006).

Because no genuine issues of material fact exist, the district court properly disposed of the Plaintiffs' claims. Consequently, we AFFIRM.