# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 14, 2011

Lyle W. Cayce
Clerk

No. 10-31172

HARDIN IZELL COOPER

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS, et al

Defendants-Appellees

Appeal from the United States United States District Court
for the Western District of Louisiana, Alexandria
1:09-CV-967

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Hardin Izell Cooper appeals the district court's grant of summary judgment in favor of the Federal Bureau of Prisons and several officials employed at the United States Penitentiary in Pollock, Louisiana. The appellant, a federal prisoner, was stabbed by a fellow inmate on June 13, 2008. He filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that prison officials were deliberately indifferent to his safety in violation of the Eighth Amendment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31172

The appellant argues that the district court erred in granting the motion for summary judgment, and that he was entitled to further discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. For the reasons stated below, we VACATE the judgment of the district court and remand this case for further proceedings.

## I.

On June 13, 2008 Hardin Izell Cooper (Cooper) was incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-Pollock) and housed in the C-2 unit along with another inmate Todd Jeffs (Jeffs). Cooper alleged that on that date, Jeffs assaulted him with a metal shank. Cooper suffered wounds to his abdomen and upper right arm, and underwent two surgeries to repair the damage. Cooper asserted that Jeffs had been involved in an assault on another prisoner the day before he was attacked. Cooper also stated that the prison found metal shanks and metal to make other shanks in Jeffs' cell 3 days before Jeffs attacked him, which was supported by an offense report from the prison.

Cooper described Jeffs as a well known weapons maker who kept an arsenal of weapons in his cell, and argued that the Bureau of Prisons and prison officials failed to properly initiate searches for weapons in Jeffs' cell prior to the assault. Prison officials stated that Jeffs was not a well known weapons maker, and that prior to this incident he had never been involved with an assault with a weapon. They also noted that Cooper and Jeffs had been housed in the same unit for several weeks without issue.

Cooper also argued that there were no metal detectors in his housing unit, that there were too few metal detectors elsewhere in the penitentiary, and that the metal detectors were often unmanned or ignored. Prison officials stated that there were ten metal detectors in the facility, and that the prison staff used hand-held metal detectors and x-ray machines to supplement the walk-through detectors. The institution also relied on security cameras, security gates, routine

No. 10-31172

and surprise pat searches and cell searches, and disciplinary procedures to limit inmate violence.

Cooper filed a complaint in district court pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the Bureau of Prisons, the Warden of USP-Pollock and other prison officials alleging that they were deliberately indifferent to his safety in violation of the Eighth Amendment. The defendants-appellees moved for summary judgment, to which Cooper responded with an opposition and a request to engage in further discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. The magistrate judge issued a Report and Recommendation recommending that the district court grant the defendants-appellees' motion for summary judgment. The district court adopted the Report and Recommendation and entered judgment granting defendants-appellees' motion for summary judgment and dismissing Cooper's claims with prejudice.

## II.

The district court's discovery rulings are reviewed for abuse of discretion.[1]

We review a grant of summary judgment *de novo*, applying the same standards as the court below.[2] "Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."[3]

---

[1] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

[2] *Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir. 2009).

[3] *Id.* at 247–48.

No. 10-31172

## III.

## A.

In conjunction with his opposition to appellees' motion for summary judgment, Cooper sought discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) allows for continuation of summary judgment to conduct further discovery, "to safeguard non-moving parties from summary judgment that they cannot adequately oppose."[4] Rule 56(f) motions are generally favored, but the movant must demonstrate why the additional discovery is necessary and how it will likely create a genuine issue of material fact.[5]

The 56(f) motion in this case sought discovery designed to show that USP-Pollock was an unsafe facility and that Jeffs was a particularly dangerous inmate. First, it proposed to investigate why the assailant, Jeffs, was not disciplined immediately following an assault the day before the assault on Cooper. Second, Cooper sought to depose Jeffs regarding his earlier assaults and "practices and procedures at Pollock" designed to control inmate possession of weapons and more particularly what steps the prison took to discover weapons in Jeffs' possession. Third, he sought discovery regarding other assaults at the prison, including interrogatories and a deposition of the warden. Fourth, Cooper asked for discovery to resolve uncertainty over the number and placement of walk-through metal detectors at USP-Pollock. Previous affidavits estimated the number to be between ten and twenty. Fifth, the motion asked for a videotape of the attack. Finally, Cooper's 56(f) motion sought discovery of a May 2, 2009 memorandum regarding the number of attacks involving homemade weapons.

---

[4] *Culwell v. Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[5] *Stearns Airport Equip. v. FMC Corp.*, 170 F.3d 518, 534-35.

No. 10-31172

The summary judgment evidence, including prison records, supported the view that Jeffs was a dangerous prisoner. We conclude that Cooper should have been allowed to conduct discovery on whether prison officials knew that Jeffs was such a danger to his fellow prisoners that they were deliberately indifferent to the safety of other prisoners in failing to take steps to isolate him or otherwise protect other inmates.

The district court will exercise its discretion in the scope of the discovery but it should include discovery on Jeffs' history of violence, his history of possession of and other involvement with weapons in prison, and steps prison officials took after weapons were discovered in Jeffs' cell a few days before he assaulted Cooper.

We, therefore, VACATE, the district court's judgment and remand for further proceedings consistent with this opinion.