NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUPER-SPARKLY SAFETY STUFF, LLC,**
*Plaintiff-Appellant*

**v.**

**SKYLINE USA, INC., AKA GUARD DOG SECURITY,**
*Defendant-Appellee*

---

2020-1490

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:18-cv-00587-N, Judge David C. Godbey.

---

Decided: December 11, 2020

---

CHRIS STEWART, Chris Stewart, PLLC, Little Rock, AR, for plaintiff-appellant.

ROBERT GLENN OAKE, JR., Oake Law Office, Allen, TX, for defendant-appellee.

---

Before NEWMAN, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

Plaintiff Super-Sparkly Safety Stuff, LLC ("Super-Sparkly") appeals a decision of the United States District Court for the Northern District of Texas. The district court entered summary judgment in favor of Defendant Skyline USA, Inc. ("Skyline"), concluding that Skyline had not infringed Super-Sparkly's design patent. We *affirm*.

### BACKGROUND

Super-Sparkly owns a design patent for bedazzled pepper spray canisters, U.S. Patent No. D731,172 ("the '172 patent"). This patent claims a design for a pepper spray canister decorated with rhinestones, in which rhinestones cover the bottom and some portion of the vertical part of a pepper spray canister.

Skyline sells a line of "Bling It On" pepper spray canisters that are decorated with rhinestones. Unlike the designs claimed in the '172 patent, the bottom surface of Skyline's canisters is not decorated with rhinestones.

In February 2017, Super-Sparkly sent Skyline a cease-and-desist letter in which it accused Skyline's pepper spray canisters of infringing its design patent. Skyline responded in April 2017, explaining that the accused product did not infringe Super-Sparkly's design patent because the bottom of the canister was not decorated with rhinestones.

Super-Sparkly filed suit against Skyline in the United States District Court for the Northern District of Texas on March 13, 2018, alleging direct and induced infringement of the '172 patent.[1] Super-Sparkly subsequently contacted

---

[1]    Super-Sparkly also owns U.S. Patent No. D696,857 ("the '857 patent"), which is similar to the '172 patent. While Super-Sparkly's complaint referred in passing to the '857 patent, the substance of the complaint involves only the '172 patent, and the district court found that Super-

Amazon.com, Inc. and Dollar General Corporation, which resold the accused product, alleging that Skyline's product infringed Super-Sparkly's design patents.  As a result, Amazon and Dollar General stopped purchasing the accused product from Skyline.  Thereafter, in the infringement suit, Skyline asserted counterclaims against Super-Sparkly, alleging unfair competition under the Lanham Act, common law unfair competition, tortious interference with contractual relations, tortious interference with business relations, tortious interference with prospective contracts, and business disparagement.

On August 6, 2019, Skyline filed a motion for partial summary judgment of noninfringement.  On August 21, 2019, Super-Sparkly filed a motion for an extension of time to respond to the motion for partial summary judgment on the grounds that discovery was not yet complete.  Then, on August 27, 2019, instead of opposing Skyline's motion for partial summary judgment on the merits, Super-Sparkly filed a response pursuant to Federal Rule of Civil Procedure 56(d), claiming a lack of sufficient facts to file a response.  The district court denied Super-Sparkly's motion for an extension of time and granted summary judgment of noninfringement.  The district court also certified its entry of partial summary judgment as final under Federal Rule of Civil Procedure 54(b).  Super-Sparkly appeals.

### DISCUSSION

This appeal requires us to resolve two issues:  first, whether summary judgment was properly certified as final, thereby conferring jurisdiction on the court; and second, whether summary judgment of noninfringement was warranted.

---

Sparkly alleged infringement of only the '172 patent.  On appeal, despite again making passing reference to the '857 patent, Super-Sparkly does not dispute this determination.

I

When a district court certifies a decision as final under Federal Rule of Civil Procedure 54(b), we must review the finality of the judgment de novo to ensure we have jurisdiction, even if the parties agree that jurisdiction is proper. *Ultra-Precision Mfg. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003) (citing *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992)). For Rule 54(b) to apply, three prerequisites must be met: "(1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally decided; and (3) the district court must find that there is no just reason for delaying an appeal." *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2656 (3d ed. 2016)). While we review finality de novo, we review the district court's determination that there is no just reason for delay for abuse of discretion. *W.L. Gore*, 975 F.2d at 862.

Here, all three prerequisites are met. First, the case involves multiple claims, as Skyline's counterclaims are still pending before the district court. Second, Super-Sparkly's two patent infringement claims were finally decided by the district court's entry of summary judgment of noninfringement. Third, the district court did not abuse its discretion in determining that there is no just reason for delay.

As the three prerequisites to Rule 54(b) are met, we find that the case was properly certified and that we have jurisdiction to hear this appeal.

II

Super-Sparkly argues that summary judgment was improper (1) on the merits because there was a genuine issue of material fact as to infringement, and (2) under Federal

Rule of Civil Procedure 56(d), in light of Super-Sparkly's asserted need for additional discovery to respond to the summary judgment motion.

### A

Design patent infringement occurs when a party, "without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." 35 U.S.C. § 289. The "ordinary observer" test is used to determine whether a design patent has been infringed. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). The test inquires whether an accused design appears "substantially the same" as a patented design, such that "an ordinary observer, giving such attention as a purchaser usually gives," would be induced "to purchase one supposing it to be the other." *Id.* at 670 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

We review summary judgment of noninfringement de novo. *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1325 (Fed. Cir. 2013) (citing *Laryngeal Mask Co. v. Ambu A/S*, 618 F.3d 1367, 1370 (Fed. Cir. 2010)).

Super-Sparkly and Skyline agree that the difference between the '172 patent and the accused design is that the former includes rhinestones on the bottom of the pepper spray canister, whereas the latter does not. The district court did not err in concluding that that this difference precludes a finding of infringement under the ordinary observer test.

Under the ordinary observer test, the claimed and accused designs may be "sufficiently distinct" and "plainly dissimilar," such that an ordinary observer clearly would not find the two designs "substantially the same."

*Egyptian Goddess*, 543 F.3d at 678. When the designs are not "plainly dissimilar," the analysis

> will benefit from a comparison of the claimed and accused designs with the prior art . . . . Where there are many examples of similar prior art designs . . . differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art.

*Id.*

The '172 patent claims a very simple design, in which rhinestones are applied to two surfaces of a canister: the vertical cylinder and the bottom. Removing the rhinestones from one of these surfaces—the bottom—is a significant departure from the claimed design. The '172 patent and the accused design are thus plainly dissimilar; because the accused design lacks rhinestones on one of the two surfaces decorated in the claimed design, an ordinary observer would not find the two designs substantially the same.

Even assuming that the two designs are not "plainly dissimilar," a comparison with the prior art makes clear that the accused design does not infringe the '172 patent. Although there do not appear to be "many examples of similar prior art designs," the prior art "Pepperface" reference, dating from 2006, was widely marketed and endorsed by various celebrities.[2] Its design has rhinestones around the majority of the canister, but not on the top (near the spray nozzle) or bottom of the cylinder. Per *Egyptian Goddess*, then, the Pepperface design highlights that the key difference between the '172 patent and the accused design is that the bottom of the cylinder is decorated with rhinestones.

---

[2]   A screenshot of the archived Pepperface website is included as an attachment to this opinion.

As such, the attention of a hypothetical ordinary observer conversant with bedazzled pepper spray canisters would be drawn to the presence or absence of rhinestones on the bottom of the cylinder. *See Egyptian Goddess*, 543 F.3d at 676.

The hypothetical ordinary observer would therefore find significant the lack of rhinestones on the bottom of the accused design and would not confuse the accused design with the '172 patent. The district court correctly concluded that the ordinary observer test necessitates a finding of noninfringement.

B

Federal Rule of Civil Procedure 56(d) provides that where, on a motion for summary judgment, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may defer consideration of the motion or deny it; allow time to pursue affidavits, declarations, or discovery; or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

We apply the law of the regional circuit in interpreting and applying Rule 56(d). *Accent Packaging*, 707 F.3d at 1325. "The Fifth Circuit," where this case arose, "reviews the district court's dispositions of Rule 56(d) motions for an abuse of discretion." *Id.* (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). In the Fifth Circuit, Rule 56(d) motions "are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby*, 600 F.3d at 561 (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 1999)). However, a request under Rule 56(d) must explain how "specified facts . . . if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). "If it appears that further discovery will not provide evidence creating a genuine issue of material

fact, the district court may grant summary judgment." *Id.* (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)).

In his supporting declaration, counsel for Super-Sparkly listed fifteen facts without which Super-Sparkly was purportedly unable to file a response to Skyline's motion. Super-Sparkly sought information relating to Skyline's knowledge and opinion of the '172 patent and the accused design; the creation and sale of the accused product; and Skyline's discovery conduct. None of this information, however, has any bearing on the ordinary observer test for design patent infringement. Because the information for which Super-Sparkly sought further discovery was irrelevant to the issue of infringement, Super-Sparkly failed to explain how the specified facts could influence the outcome of the motion. The district court did not abuse its discretion by denying Super-Sparkly's request under Rule 56(d) and entering summary judgment of noninfringement.

**AFFIRMED**

SUPER-SPARKLY SAFETY STUFF v. SKYLINE USA, INC.                9

**ATTACHMENT**



