# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2021

Lyle W. Cayce
Clerk

No. 19-40885
Summary Calendar

Robert Daniel Spivey,

*Plaintiff—Appellant*,

*versus*

Joseph Wilson, *Individually*; Kirk W. Brigance, *Individually*;
Chadrick S. Clark, *Individually*; Mark Duke, *Transportation
Officer (Individually)*; Loren Joy, *Transportation Officer (Individually)*;
Tony Rust, *Individually*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-94

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Robert Daniel Spivey, Texas prisoner # 1717631, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit against several Texas

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40885

Department of Criminal Justice (TDCJ) officials, alleging that they had violated his constitutional rights in connection with an assault that occurred while he was being transferred from the Telford Unit to the Eastham Unit. We review the district court's summary judgment ruling de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

If his brief is liberally construed, Spivey argues that the district court erred in granting summary judgment and dismissing his claims after denying him the discovery he needed to prove his case. He also contends that the documents he submitted were sufficient to create a material factual dispute precluding summary judgment on his claims that the defendants were deliberately indifferent to his safety. However, Spivey does not renew his claims that Lieutenant Clark failed to protect him from the assault after receiving and ignoring his initial I-60 or that Warden Wilson failed to inform and train his staff, nor does he brief any argument challenging the district court's reasons for dismissing those claims. Accordingly, those claims are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Spivey likewise abandons by failing to brief any argument renewing his claim that Officer Duke racially discriminated against him. *See Yohey*, 985 F.2d at 224-25.

Additionally, although he renews his failure to protect claims and urges that summary judgment was inappropriate because the documents he submitted created a material factual dispute, Spivey does not address the district court's conclusion that dismissal was warranted because the uncontested medical records established that he suffered no more than a de

2

minimis injury, a contusion and three small lacerations to the back of the head which were treated with Dermabond and Tylenol and for which he neither sought nor received any follow up treatment or care. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). Spivey has therefore abandoned any challenge to that dispositive determination. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Inasmuch as he conclusionally asserts that "Medical l[i]ed" when it said he only had a few cuts and bruises in order to corroborate the defendants' story that he hit his head on a bus window, his conclusional assertion does not constitute summary judgment evidence and is insufficient to demonstrate a material factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000). Additionally, Spivey has abandoned by failing to brief any challenge to the district court's alternative basis for dismissing the claim, that he failed to allege sufficient facts to overcome the defendants' asserted defense of qualified immunity. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

The thrust of Spivey's appeal is that the district court erred in failing to compel the defendants to submit the additional discovery he requested, in failing to sanction them for not doing so, and in failing to grant his request for additional time to respond to the summary judgment motion until he received the requested discovery. He complains that he needed color photographs of his injuries and other unspecified documents to prove his claims, and he now asserts that the district court purposefully denied him discovery "to stop me from proving my case and to help the defendants."

Spivey's assertion that the district court denied his motions to compel is factually incorrect. In addition to granting him two extensions of time to respond to the summary judgment motion, the district court granted six of Spivey's 12 motions to compel in part, directing the defendants to disclose photographs taken of him on the day of the incident, in color if possible, as

well as the TDCJ policies he requested concerning transportation of inmates and the handling of assaults on transport buses, and any information about the other assault that occurred on the same bus on November 10, 2016. The defendants advised that they had provided Spivey with all existing photographs of him, all existing policies concerning the transport of offenders, and all existing information concerning the assault on him, and they submitted an affidavit stating that there were no color photographs. Spivey's continued assertion that color photographs existed which have been hidden or destroyed is wholly conclusional and insufficient to show any abuse of discretion on the district court's part. *See Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017); *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006); *see also Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991).

Finally, Spivey argues that the district court abused its discretion in refusing to appoint counsel. He contends, as he did below, that he has a low IQ with the equivalent of a sixth-grade education, and he asserts for the first time that he has a history of mental problems, including paranoid schizophrenic episodes requiring hospitalization which precluded him from adequately conducting discovery. Because Spivey has not demonstrated exceptional circumstances warranting the appointment of counsel, we find no abuse of discretion on the district court's part. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.