# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 21-20137

Suri Holdings, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Argent Mortgage Company, L.L.C.; Citi Residential
Lending, Incorporated; Nationwide Title Clearing,
Incorporated; Deutsche Bank National Trust Company,
*as trustee for* Argent Securities Incorporated, Asset-Backed
Pass-Through Certificates, Series 2005-W5; Ocwen Loan
Servicing, L.L.C.; PHH Mortgage Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3844

Before King, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20137

Suri Holdings sued various defendants in state court, including Nationwide Title Clearing, Deutsche Bank National Trust Company, and PHH Mortgage Corporation,[1] asserting various state-law claims to prevent the foreclosure of a Houston, Texas, property. After removal to federal court, the district court granted Nationwide Title Clearing's motion for judgment on the pleadings and Deutsche Bank National Trust Company and PHH Mortgage Corporation's motion for summary judgment. Suri Holdings appeals, arguing that the district court erred in granting those motions and abused its discretion in failing to grant discovery continuances. We AFFIRM the district court's judgment.

## I. Background

A couple purchased a property in Houston, Texas, by executing a $228,000 promissory note (the "Note") and security instrument (the "Deed of Trust") in favor of a mortgage company. That mortgage company assigned the Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") through a recorded Corporate Assignment of Deed of Trust (the "Assignment") and physically transferred the Note to Deutsche Bank, endorsed in blank (i.e., without a payee specified). PHH Mortgage Corporation ("PHH"), under an agreement with Deutsche Bank, then became the servicer of the loan and obtained physical possession of the Note on Deutsche Bank's behalf.

Suri Holdings ("Suri") later acquired the property for $20,000 during a sale conducted by the Harris County Constable's Office pursuant to a state-court judgment. Suri filed this lawsuit in state court to enjoin

---

[1] Argent Mortgage Company, L.L.C., and Citi Residential Lending, Inc., were never served and only appear in the case as the original lender and original mortgage servicer of the loan at issue. PHH Mortgage Corporation is the successor by merger to Ocwen Loan Servicing, L.L.C.

foreclosure of the property, alleging that the Deed of Trust was unenforceable because the signature on the Assignment had been forged, and that Nationwide Title Clearing ("Nationwide") created that forged Assignment. Suri alleged causes of action including lack of standing to foreclose, quiet title, violations of Texas Civil Practice and Remedies Code § 12.002 ("Texas Civil Code § 12.002"), negligence per se, and gross negligence.

Deutsche Bank and PHH removed the case to federal court based on diversity jurisdiction. The district court rendered a scheduling order that required discovery to be completed by November 20, 2020, and dispositive-motion filing by December 15, 2020; the order also scheduled a docket call for February 1, 2021. In May 2020, Nationwide moved for judgment on the pleadings and Deutsche Bank and PHH moved for summary judgment.

Suri incorporated a motion for continuance into its responses to defendants' motions, requesting 120 days to "continue any ruling" on the motions. Suri also filed an independent motion to continue.[2] In June 2020, the district court granted Nationwide a judgment on the pleadings, concluding that Suri had no viable cause of action against Nationwide because the pleadings did not establish a case or controversy between the parties.

Almost eight months later, after no attempt by Suri to supplement the summary judgment record and after the close of discovery, the district court granted Deutsche Bank and PHH's summary judgment motion. Suri appeals

---

[2] Suri's response to Nationwide's motion was filed in May 2020, and Suri's response to Deutsche Bank and PHH's motion as well as Suri's independent motion for continuance were filed in June 2020.

the district court's decisions on Nationwide's motion for judgment on the pleadings and Suri's own motions to continue.

## II. Standard of Review

We review district court decisions on motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same standard as motions under Federal Rule of Civil Procedure 12(b)(6), which are reviewed de novo. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Similarly, we review district court decisions for summary judgment de novo and affirm the district court's grant of summary judgment on any ground supported by the record. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Denials of Rule 56(d) motions for discovery are reviewed for an abuse of discretion. *Id.*

## III. Discussion

We begin by determining whether the district court properly granted Nationwide's motion for judgment on the pleadings.[3] Then, we turn to

---

[3] Suri also appeals the district court's implicit denial of its motion for continuance, which requested further discovery in response to Nationwide's 12(c) motion. The district court, in the introduction of its order granting Nationwide's motion, stated that "the plaintiff's motion for continuance should be denied." However, the court did not analyze the issue or include decretal language on the issue. By ruling on the motion for judgment on the pleadings, Suri argues that the court implicitly denied Suri's motion. Specifically, Suri argues on appeal that the district court cut its discovery with Nationwide short by ruling on Nationwide's motion two days before its interrogatory responses were due to Suri. Discovery responses, however, are irrelevant to 12(c) determinations, which, like 12(b)(6) determinations, are based on the pleadings—not discoverable evidence. "A motion brought pursuant to [Federal Rule of Civil Procedure] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the *substance of the pleadings and any judicially noticed facts*." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (emphasis added) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 509-10 (1990)).

whether the district court properly granted Deutsche Bank and PHH's motion for summary judgment.

## A. The District Court's Judgment on the Pleadings in Favor of Nationwide

Suri's petition asserts a claim for a declaratory judgment for lack of standing to foreclose, a claim to quiet title, and claims for violations of Texas Civil Code § 12.002, negligence per se, and gross negligence, but Suri appeals only the district court's judgment on the pleadings in favor of Nationwide as to Nationwide's lack of standing to foreclose and Texas Civil Code § 12.002. We take each in turn. The district court granted Nationwide a judgment on the pleadings on ripeness grounds as to both appealed causes of action,[4] which we review de novo. *TOTAL Gas & Power N. Am., Inc. v. Fed. Energy Regul. Comm'n*, 859 F.3d 325, 332 (5th Cir. 2017), *as revised* (July 10, 2017).

### 1. Nationwide's Alleged Lack of Standing to Foreclose

The Supreme Court has held "that an appropriate action for declaratory relief *can* be a case or controversy under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). To determine whether a particular action for declaratory relief constitutes a case or controversy, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between

---

[4] Instead of arguing for the existence of a case or controversy between it and Nationwide for purposes of the lack-of-standing-to-foreclose cause of action, Suri asks us to conclude that forgery is a valid cause of action under Texas law for which a declaratory judgment is warranted in this case. These arguments, as well as the additional assertion of a forgery cause of action against Nationwide, were not presented to the district court, so we decline to decide these questions in the first instance. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("[A] court of appeals sits as a court of review, not of first view." (quoting *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016) (per curiam) (unpublished))).

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In a declaratory judgment action, "[b]ased on the facts alleged, there must be a *substantial and continuing* controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (emphasis added).

The facts that Suri alleged fall short of demonstrating a substantial controversy between the parties over interest in the property. None of the assignment language transferring the property interests from the original mortgage company to Deutsche Bank names Nationwide. Suri also did not independently allege that Nationwide was ever a noteholder or lienholder against the property. In fact, the parties agree that the original petition does not argue that Nationwide has ever had, or even claimed, an interest in the property.

Moreover, a claim is not ripe for adjudication "[i]f the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all.'" *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) (second alteration in original) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). Suri anticipates that Nationwide might, at some point in the future, assert a legal interest in the property, but Nationwide has not done so to date. Accordingly, there is no case or controversy between the parties to warrant the consideration, on the merits, of a declaratory judgment announcing Nationwide's lack of standing to foreclose on the property in dispute. So we AFFIRM the district court's dismissal of this cause of action.

## 2. Nationwide's Alleged Violation of Texas Civil Code § 12.002

Unlike the claim of lack of standing to foreclose, Suri's claim against Nationwide for an alleged violation of Texas Civil Code § 12.002 is ripe

because it presents a "controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). The district court seems to have dismissed this cause of action against Nationwide on the same ripeness grounds as the declaratory-relief claim. The court reasoned as follows:

> To maintain a suit for declaratory relief a party must plead facts establishing a "case or controversy" between the parties. Here the plaintiff fails to state a viable cause of action against the defendant either by its original suit or its response to the defendant's motion for judgment on the pleadings. Equally cogent reasoning leads the Court to conclude that the remaining claims and assertions that are based on state statutes and common law are also foreclosed.

However, the district court presents no further analysis about why the claim under the "state statute" is not ripe. We are not convinced.

Although the claim of lack of standing to foreclose rests on the assumption that Nationwide has, or would in the future assert, an interest in the property, the same cannot be said of the § 12.002 claim because a dispute under the statute does not require a defendant to assert an interest in property.

Texas Civil Code § 12.002(a) provides:

> A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is . . . a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document . . . be given the same legal effect as a court record . . . evidencing a valid lien or claim against real or personal property . . . ; and (3) intent to cause another person to suffer: . . . (B) financial injury.

So rather than being a controversy about who has what property interests, this cause of action is about the improper "mak[ing], present[ing], or us[ing]" of a "document or other record." *Id.* Suri alleges that Nationwide "made, presented, or used" the "notices of sale" posted on the ForecloseHouston.com website, and thereby violated § 12.002—giving rise to a controversy. Thus, this cause of action is ripe and can be assessed on the merits.

Suri, however, like the homeowner in *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422 (5th Cir. 2014), failed to plead facts sufficient to meet an element of a claim under § 12.002(a). Specifically, Suri failed to offer facts demonstrating Nationwide's "*intent* to cause [Suri] . . . financial injury." § 12.002(a)(3) (emphasis added).[5] Instead, Suri alleges only that "the fraudulent business practice of filing a false claim to a superior mortgage interest in the property" caused "future title-holders like Plaintiff to suffer financial injury." But this says nothing about Nationwide's intent and so fails to state a claim under § 12.002(a). Thus, Suri's allegations of intent to cause injury amount to nothing more than "a formulaic recitation of the [third] element[] of [this] cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, we AFFIRM the district court's order granting Nationwide's motion for judgment on the pleadings.

## B. The District Court's Summary Judgment in Favor of Deutsche Bank and PHH

Suri appeals the district court's summary judgment in favor of Deutsche Bank and PHH on the procedural grounds that the district court

---

[5] We do not decide whether a document assigning a deed of trust constitutes a "lien or claim" under § 12.002(a).

abused its discretion by implicitly denying its motion for continuance. Motions brought under Federal Rule of Civil Procedure 56(d) are "broadly favored" to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).[6] Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

In June 2020, Suri submitted its motions for continuance, which requested a 120-day discovery continuance. At that point in the case, Suri had been conducting discovery for four months[7] and still had five months left in the discovery period that was agreed on by the parties and approved by the court. Within this agreed-on discovery period, ending on November 20, 2020, the district court neither granted nor denied the motion. Instead, on February 8, 2021, 80 days after the discovery period had ended, the district

---

[6] Similar to our court in *Culwell*, we note that granting Suri's request for a 120-day extension would have required altering the deadline for concluding discovery set by the scheduling order, which the district court has broad discretion to enforce. 468 F.3d at 872 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

[7] The parties agreed on February 14, 2020, to a case management plan involving discovery.

court granted Deutsche Bank and PHH's summary judgment motion, remaining silent on Suri's motion for discovery continuance.[8]

Suri argues that this failure to grant its motion for discovery continuance was an abuse of the district court's discretion. We disagree. If a requesting party "has not diligently pursued discovery," then "she is not entitled to relief" under Rule 56(d). *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)). In its response to Deutsche Bank and PHH's motion for summary judgment, submitted on June 16, 2020, Suri notes that it "sent forgery-related discovery requests to Nationwide" and that "Nationwide has not responded yet, and will not need to respond until June 25[, 2020]." The district court deferred ruling on the summary judgment motion until February 2021. Thus, the district court did not abuse its discretion by deferring consideration of the summary judgment motion until after discovery closed—237 days after Suri's motion for discovery continuance was filed. Accordingly, we AFFIRM the district court's grant of Deutsche Bank and PHH's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's take-nothing judgment against Suri.

---

[8] The district court's Memorandum and Order notes that Suri's response was "before the Court," but it does not address the motion for continuance in that response; nor does the court address Suri's independent motion for continuance in its order.